Laurie STEFFEN, Relator,

v.

TARGET STORES, Self–Insured/Constitution State Service Co.,
Respondents.

No. C6–94–529.

Supreme Court of Minnesota.

June 24, 1994.

John V. Geisheker, Minneapolis, for relator.

John G. Ness, Minneapolis, for respondents.

## OPINION

WAHL, Justice.

The Workers' Compensation Court of Appeals affirmed the compensation judge's determination that the employee had failed to prove a causal relation between her ordinary daily work and her lumbar back disability. We reverse and remand to the compensation judge for further proceedings.

From August 1989 through January 7, 1991, Laurie Steffen worked for Target

Stores as a "zoner," a job which required that she arrange and clean various departments of the employer's retail stores. The job also involved periodic work stocking shelves with merchandise; and on two occasions, employee helped unload semi-trailers. After leaving Target, employee worked as a part-time cashier for another employer. In May 1991, employee returned to work at Target as a "ticketer," a job that involved opening boxes of merchandise, placing price tags on each item, returning the merchandise to the boxes, placing the boxes on a pallet, and moving the pallet to the department. Employee described the job as harder than zoning in that it involved more bending, lifting, and stooping.

On June 10, 1991, employee began to notice pain and swelling in her left leg. This was initially thought to be thrombophlebitis but a medical test ruled this out. Then an orthopedic surgeon thought employee had flat feet. Ultimately, employee was referred to a neurologist who felt she had a radicular syndrome and recommended she stop working at Target. Subsequent diagnostic studies of the lumbar spine revealed a herniated L5–S1 disc.

Employee sought various benefits for what she alleged was a *Gillette*-type injury culminating in disability on June 10, 1991. Evidence offered in support of the claim included the written report of Dr. Daniel Ahlberg, examining medical consultant originally chosen by the employer. In his report, Dr. Ahlberg said:

> It is within reasonable medical certainty that she did sustain back injury resulting from what she describes as repetitive bending and lifting at work in June of 1991. Since that time she has had a history of continuing medical evaluation and treatment for symptoms of mild S1 radiculopathy which appears confirmed on an MRI scan showing a herniated disc at L5–S1.

Dr. Ahlberg also thought employee had reached maximum medical improvement and rated her impairment at 9% of the body as a whole as it related to the herniated lumbar disc. At the end of the report, the doctor added:

ADDENDUM: Although she does not have a history of a work injury, she does have a fairly accurate chronological history for seeking evaluation and treatment for mild but persisting radicular symptoms which fit with the distribution of the disc abnormality imaged. I, therefore, think it is within reasonable medical certainty to conclude that her disc abnormality could have occurred from her work activities if indeed they did include repetitive back-bending and lifting. I am unable, however, to conclude that she has a "Gillette Injury". It would be more likely that she sustained a herniated disc as a result of work activities without any specific injury, but secondary to disc herniation resulting from an episode of backbending and lifting.

The compensation judge denied employee's claim, finding the medical evidence insufficient, the WCCA affirmed on appeal, and this review on certiorari followed.

■ It has long been recognized that an injury is compensable if the cause was accidental in character or if the effect was the sudden result of the routine performance of work activity. Thus, if the strain of the worker's usual exertions cause the sudden collapse from an underlying condition, such as the herniation of a lumbar disc, the injury is compensable. *Caddy v. R. Maturi & Co.*, 217 Minn. 207, 14 N.W.2d 393 (1944); *see Balow v. Kellogg Co-op. Creamery Ass'n*, 248 Minn. 20, 78 N.W.2d 430 (1956); 1A Arthur Larson, *The Law of Workmen's Compensation*, § 38.10 (1993); 1B Arthur Larson, *The Law of Workmen's Compensation*, § 39.10 (1993). In *Gillette v. Harold, Inc.*, 257 Minn. 313, 101 N.W.2d 200 (1960), we held that an employee who is injured gradually by reason of the duties of employment and eventually becomes disabled is, under our workers' compensation law, no less the recipient of a compensable injury than one who suffered a single disabling trauma:

> It is well established by the authorities that when the inevitable effects of an underlying condition are hastened by an injury that is sudden and violent or the result of unusual strain or exertion, the injury and its disabling consequences are compensable. It should further be conceded,

however, that injuries may arise out of and in the course of the employment which do not occur suddenly or violently. In the course of one's ordinary duties injuries may occur daily which cause minimal damage, the cumulative effect of which in the course of time may be as injurious as a single traumatic occurrence which is completely disabling. We have been presented with no good reason why compensation should be paid in one instance and not in the other.

257 Minn. at 321, 101 N.W.2d at 206. In *Forseen v. Tire Retread Co., Inc.*, 271 Minn. 399, 403, 136 N.W.2d 75, 77 (1965), a back injury case, we said, "[i]t is thus clear that an employee may receive benefits upon disablement if his work activities aggravated his infirmity, even if they did not do so because of some unusual or violent strain or exertion. But, as we said in the Gillette case, '[t]he important question is whether the employment is a proximate contributing cause of the disability.'"

 In the case currently before us, the WCCA said "[i]t is axiomatic that, in order to prove the work causation of a *Gillette* injury, an employee must 'prove that the specific work activities caused specific [symptoms] which led cumulatively and ultimately to disability constituting personal injury due to work'" (citing *Reese v. North Star Concrete*, 38 W.C.D. 63, 66 (Minn.1985), *Steffen v. Target Stores*, —— W.C.D. —— (Minn., filed March 11, 1994)). While that kind of evidence may be helpful as a practical matter, as we've said before the question of a *Gillette* injury primarily depends on medical evidence. *Marose v. Maislin Transport*, 413 N.W.2d 507, 512 (Minn.1987).[1] Moreover, where there is objective medical evidence coupled with the opinion of a medical expert and where the ultimate objective is the attainment of substantial justice according to the purposes of the Workers' Compensation Act, application of the standard followed by the WCCA to establish the required causal relationship in the field of law casts an unfair

burden upon a person injured by the duties of employment. Here, when judged under the proper standards, the evidence suggests employee may have a compensable injury that could be characterized as a sudden collapse of the lumbar disc as a result of the usual exertion of the job, the kind of injury that has long been considered compensable. *See Caddy, supra.* Employee's injury might also be characterized as a *Gillette* injury if the work aggravated or accelerated an underlying condition or was "a proximate contributing cause of the disability." *Gillette*, 257 Minn. at 322, 101 N.W.2d at 206. In view of the apparent misapprehension as to nature of proof, we believe it necessary in the interests of justice to remand the matter to the compensation judge for rehearing.

 Employee, on remand, must prove a causal connection between her ordinary work and ensuing disability. On the present record, the evidence as to the causation, the written report from Dr. Ahlberg, does not include the facts and/or data upon which the expert relied in forming his opinion. Whether given by testimony or written report, an opinion by a medical expert as to the causal link between the claimant's disability and the job must be based on adequate foundation. *Grunst v. Immanuel–St. Joseph Hosp.*, 424 N.W.2d 66, 68 (Minn.1988); *Jendro v. Brown Boveri Turbo Machinery Co.*, 355 N.W.2d 716, 719 (Minn.1984). Counsel for employee argues that where the medical expert has been selected by the employer, there should be a "presumption" of a properly founded opinion. But when counsel elected to rely on that expert's opinion to support his client's claim, the expert effectively became a witness for his client; and it was incumbent on counsel to lay a proper foundation for the expert's conclusions. Since we are of the opinion that a remand is required for another reason, the compensation judge may rely on evidence already submitted and any additional evidence adduced.

Reversed and remanded.

---

1. Consequently, even though medical evidence pertaining to gradual injuries may be supplied by written report, "there is often deposition testimony of medical experts on the question of whether the claimant's employment aggravated or accel-erated an underlying condition such as a lumbar disc disease." *Felton v. Anton Chevrolet*, 513 N.W.2d 457, 459 n. 5 (Minn.1994), *(citing Forseen* and Minn.Stat. § 176.155, subd. 5 (1992)).

Employee is awarded $400 in attorney fees.